IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RICHARD ACEVEDO-RIVERA,<br><br>**Plaintiff,**<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>**Defendant.** | CIVIL. NO. 25-1188(RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is Petitioner Richard Acevedo-Rivera's ("Petitioner" or "Mr. Acevedo-Rivera") *pro se Motion Under 28 U.S.C § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* ("*Motion*"). (Docket No. 1). Having considered the arguments of the parties at Docket Nos. 1 and 13, the Court **DENIES** Petitioner's *Motion*. No certificate of appealability shall issue as the *Motion* fails to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). In accordance with Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner may still seek a certificate directly from the United States Court of Appeals for the First Circuit ("First Circuit"). Judgment of **DISMISSAL WITH PREJUDICE** shall be entered accordingly.

## I.  BACKGROUND

**A. Criminal Case No. 21-cr-00132[1]**

On March 20, 2021, a Grand Jury returned a true bill on a multi-count Indictment ("*Indictment*") in case 21-cr-00132. (Docket No. 3). Petitioner was charged with all six counts of the *Indictment*. Id. The Counts included: conspiring to possess with intent distribute controlled substances in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute heroin, cocaine base, cocaine, and marihuana in violation of 21 U.S.C. § 841(a)(1)(Counts 2-5); and possession of firearms in furtherance of drug-trafficking offenses in violation of 18 U.S.C. § 924(c)(1)(A) ("§ 924(c)(1)(A)")(Count 6). Id.

On June 14, 2023, Mr. Acevedo-Rivera pled guilty to Counts 1 and 6 of the Indictment pursuant to a Plea Agreement. (Docket No. 520). Under the Plea Agreement, Petitioner waived his right to appeal any aspect of his judgment and sentence if the total imprisonment sentence imposed by the Court was 97 months or less. (Id. at 7). On September 21, 2023, this Court sentenced Mr. Acevedo-Rivera to 37 months as to Count 1 and 60 months as to Count 6, to be served consecutively for a total imprisonment of 97 months. The Court ordered that the 37-month imprisonment sentence on Count 1 be served concurrently to the sentences imposed in the

---

[1] Any reference to a docket entry in this section will only refer to docket entries in Criminal Case No. 21-cr-00132.

Puerto Rico court cases: P.R. Cr. Nos. ALA2019G0035, ALA2019G0036 and ASC2019G0109. (Docket No. 639).

In P.R. Cr. No. ALA2019G0035, Mr. Acevedo-Rivera was convicted for unlicensed possession of a firearm, in violation of Art. 5.04 of the P.R. Firearms Act of 2000, P.R. Laws Ann. tit. 25, § 458c ("Art. 5.04"), and sentenced to five years imprisonment, to be served consecutively to the other counts. (Docket No. 628 at 15). In P.R. Cr. No. ALA2019G0036, he was convicted for simple possession of controlled substances, in violation of Art. 404 of the P.R. Controlled Substances Act and sentenced to one year in prison. Id. In P.R. Cr. No. ALA2019G0036, he was charged for unlicensed possession of ammunition, in violation of Art. 6.01 of the P.R. Weapons Law, but the charge was reduced to a misdemeanor violation of Art. 5.04; he was convicted on the reduced charge and sentenced to a $250 fine. Id. According to the Pre-Sentence Report, the conduct underlying P.R. Cr. Nos. ALA2019G0035 and ALA2019G0036 was "relevant conduct to the instant offense." Id.

On September 28, 2023, Petitioner filed a timely notice of appeal from his judgment. (Docket No. 643). However, Mr. Acevedo-Rivera later filed a voluntary *Motion to Dismiss* in the Court of Appeals. On March 12, 2024, the Court of Appeals granted Petitioner's motion and dismissed the appeal. (Docket No. 725).

**B. Civil Case No. 25-1188**

In his *Motion*, Petitioner requests an evidentiary hearing. (Docket No. 1 at 8). His first and only ground for an evidentiary hearing avers that his attorney provided ineffective assistance of counsel. (Docket No. 1 at 5). Specifically, Petitioner claims that counsel was ineffective because he failed to challenge Count 6 of the Indictment as precluded by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, because he was tried and convicted by the Commonwealth of Puerto Rico for the same conduct under equivalent criminal laws. Id.

On October 17, 2025, Defendant United States of America ("Government") responded to Petitioner's *Motion* ("*Response*"). (Docket No. 13). The Government contends that Petitioner's Motion is possibly untimely because some courts have found that, when a petitioner voluntarily dismisses their appeal, the one-year statute of limitations to present a § 2255 motion runs from the date the Court of Appeals issues its dismissal of the appeal and not 90 days after. Moreover, the Government posits that Mr. Acevedo-Rivera fails to adequately develop argumentation to support his *Motion*. The Government also contends that his counsel did not provide ineffective assistance for failing to challenge any application of § 924(c)(1)(A) against Petitioner because the P.R. case offense and Count 6 of the Indictment contains an element that the other does not. Id. at 8-10. Thus, according to the

Government, Mr. Acevedo Rivera's claim fails the Blockburger v. United States, 284 U.S. 299, 304 (1932) test. Lastly, it argues that an evidentiary hearing is not proper and that the Court should not grant a certificate of appealability. Id. at 10-11.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner who is in custody under a sentence imposed by a Federal Court may move to vacate, set aside, or correct his sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

A petitioner's post-conviction request for relief "must show that his sentence 'reveal[s] fundamental defects which, if uncorrected, will result in a complete miscarriage of justice.'" Lebron-Martinez v. United States, 2021 WL 3609658, at *2 (D.P.R. 2021) (quoting Gomez-Olmeda v. United States, 2021 WL 785725, at *2 (D.P.R. 2021)). Petitioner has the burden of establishing such a defect. Id. Moreover, an evidentiary hearing on a § 2255 petition is not necessary when the motion "is inadequate on its face." Id. (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974)). Nor is it necessary when there are no factual issues to be resolved. Id. (quoting Miller v. United States, 564 F.2d 103, 106 (1st Cir. 1977)) ("Where there are no disputed facts crucial to the outcome,

leaving only questions of law, [§] 2255 does not require a hearing; the motion may be decided" without an oral presentation).

Motions under 28 U.S.C. § 2255 are subject to "[a] 1-year period of limitation." 28 U.S.C. § 2255(f). This period of limitation begins on the latest of several alternative dates including the date on which the judgment of conviction becomes final. "Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). Pursuant to 28 U.S.C. § 2101, any writ of certiorari "intended to bring any judgment or decree [. . .] before the Supreme Court for review shall be taken or applied for within ninety days after the entry of such judgment or decree." 28 U.S.C. § 2101.

Some courts, however, have distinguished Clay's general finality rule from the cases in which an appeal was timely filed in the Circuit Court, but later voluntarily dismissed. These courts have found that a conviction becomes final on the date on which the appeal was voluntarily dismissed. *See* United States v. Sylvester, 258 Fed. Appx. 411, 412 (3rd Cir. 2007) (upholding dismissal of an untimely § 2255 motion, as defendant's conviction became final and the limitations period began to run when his appeal was voluntarily dismissed) (citations and quotations omitted); De Jesus-Velazquez v. United States, 35 F. Supp. 3d 206

(D.P.R. 2014); United States v. Martin, No. 3:02-CR-283-R, 2008 WL 4211153 (N.D. Tex. Sept. 12, 2008).

Other courts have found that Clay governs when the limitations period begins to run regardless of whether a petitioner voluntarily dismisses their appeal. Latham v. United States, 527 F.3d 651, 652-653 (7th Cir. 2008); United States v. Parker, 416 F. App'x 132 (3d Cir. 2011)(noting that "there is no known precedent for the proposition that a criminal defendant who seeks voluntary dismissal of an appeal is foreclosed from filing a petition for certiorari challenging the dismissal."; McGee v. United States, No. CR 109-035, 2013 WL 3096825 (S.D. Ga. June 18, 2013); *See also* United States v. Champion, No. C.A. C-05-473, 2006 WL 1293566 (S.D. Tex. May 6, 2006)(holding that "[i]n view of the uncertainty surrounding the issue" of the § 2255 motion's timeliness, the court would instead address the motion's claims on the merits); Courtney v. United States, No. 4:07CR00261 JLH, 2011 WL 906644 (E.D. Ark. Mar. 16, 2011). This interpretation holds that 28 U.S.C. § 1254 "allows 'any' party, including a prevailing party, to petition for certiorari" and "allows review whether or not a court of appeals has issued a final decision." Id. at 652-653. Thus, even if a petitioner who voluntarily dismisses their appeal does not seek reinstatement of that appeal, all that "is necessary is that a case be 'in' the court of appeals." Id. at 653. "A notice of appeal from a final decision puts the case in the court of appeals" and

even when "later events—such as the issuance of mandate or the denial of a certificate of appealability—puts the case 'out' again" that does not defeat the Supreme Court's authority for review. Id.

### III. DISCUSSION

Petitioner's *Motion* does not require resolving factual issues as he only presents legal issues. Id. at *2; *see also* Forteza-Garcia v. United States, 2021 WL 784875, at *2 (D.P.R. 2021). Thus, a hearing is not necessary in this case.

**A. Timeliness**

The Government raises a possible timeliness issue as to petitioners *Motion*. They claim that it is unclear whether the 28 U.S.C § 2255 one-year statute of limitations, which typically runs from the date the on which the judgment of the conviction becomes final,[2] should have run from 90 days after the entry of the Court of Appeals judgement dismissing the petitioner's appeal or on the date the Court of Appeals accepted petitioner's voluntary Motion to Dismiss and dismissed the appeal.

As the Government argues, the issue is material here because the Court of Appeals granted Mr. Acevedo-Rivera's motion for voluntary dismissal of his appeal in COA 23-1834 on March 12, 2024. Therefore, if the one-year statute of limitations period began when the appeal was dismissed, Petitioner had until March 12, 2025,

---

[2] Clay v. United States, 537 U.S. 522, 524 (2003) (citing 28 U.S.C. § 2255(f)(1)).

to file his *Motion*. However, if the limitations period began 90 days after the appeal was dismissed, then the *Motion*, filed on March 28, 2025, would be timely. Petitioner did not respond to the government's timeliness arguments.

Although Clay did not address when a defendant's conviction becomes final where he voluntarily dismisses his appeal without ever receiving an affirmation by the Court of Appeals, there is good reason to believe its rule still holds under those circumstances. As was stated in Latham, the statute governing appellate review via writ of certiorari, 28 U.S.C. § 1254, in no way precludes a party, any party, from filling a writ of certiorari even after their appeal was dismissed. While certain courts have found that a voluntary dismissal of an appeal places the party in a position equal to never having filed an appeal,[3] others have found that the important factor in this analysis is whether the case was ever in the Court of Appeals in the first place. Latham, 527 F.3d at 653. In fact, a notice of appeal, even if untimely, enters the case into the Court of Appeals and it activates the Supreme Court's jurisdiction to review any final determination that the appellate court makes. Hohn v. United States, 524 U.S. 236, 247 (1998). The Supreme Court in Clay stated clearly: "[f]inality attaches when this Court affirms a conviction on the

---

[3] *See* Williams v. United States, 553 F.2d 420 (5th Cir. 1977).

merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." The Court has found no binding precedent that carves out this kind of exception for Clay. Therefore, it finds that the Seventh Circuit reasoning on this issue is authoritative.

Considering the above, the one-year period for Petitioner to file a § 2255 motion ran from June 10, 2024, 90 days after the Court of Appeals issued its ruling dismissing the appeal. Thus, his March 28, 2025, *Motion* was timely.

### B. Ground One: Ineffective Assistance of Counsel for Failing to Challenge a Count in the Indictment as Precluded by the Double Jeopardy Clause

Petitioner avers his counsel was ineffective because he failed to challenge Count 6 of the Indictment as precluded by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. Petitioner argues that he was tried and convicted by the Commonwealth of Puerto Rico for the same conduct under equivalent criminal laws. (Docket No. 1 at 5). In his petition, Mr. Acevedo-Rivera delineates the applicable law in regards to 28 U.S.C. § 2255, ineffective assistance of counsel, and the Double Jeopardy Clause as applicable to the relationship between the United States and Puerto Rico. He fails, however, to provide any argumentation to support his *Motion*. In fact, he only states that "Attorney Lizarriber failed to secure objections according with

Sanchez Valle, an omission that prejudiced the result of the proceedings." (Docket 1 at 20).

In response, the Government posits that Mr. Acevedo-Rivera fails to provide developed argumentation. Crucially, the Government avers that petitioner failed to specify which of his prior Puerto Rico convictions and sentences were based on "the same conduct under equivalent criminal laws" and were allegedly barred by his conviction on Count 6, thus "leaving the court to . . . create the ossature for the argument, and put flesh on its bones." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

The Government further argues that the *Motion* would fail even if the Court reached the merits of the Double Jeopardy argument. Specifically, they maintain that, assuming that Petitioner refers to his Art. 5.04 conviction (State No. ALA2019G0035), that offense and his § 924(C)(1)(A) conviction are not the same offense within the meaning of the Double Jeopardy Clause. They aver that the Puerto Rico conviction required proof that the defendant possessed a firearm without a license whereas the federal conviction required no such element of the offense. In the same vein, they argue that while the federal conviction required proof that the defendant unlawfully possessed a firearm in furtherance of a drug-trafficking crime, Art. 5.04 did not. Thus, they maintain that the Double Jeopardy Clause did not preclude prosecution for Count 6 of

the Indictment wherefore petitioner's counsel was not ineffective by not raising the relevant objection. (Docket No. 14 at 9).

The Court agrees with the Government. To start, Mr. Acevedo-Rivera does not develop an argument to support his claims. Mr. Acevedo-Rivera does not explain how the two convictions at issue violate the Double Jeopardy Clause or if the underlying statutes constitute the same offense. He only implies, by raising a Double Jeopardy claim, that they are. This leaves the Court to not only guess which state case Petitioner refers to but to also to develop any Double Jeopardy argumentation for him. "Judges are not expected to be mindreaders. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace." Zannino, 895 F.2d at 17 (noting the well settled rule that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"). *See* also United States v. Nishnianidze, 342 F.3d 6, 18 (1st Cir. 2003) (holding that *pro se* appellant "waived" his argument because it was not developed).

Furthermore, even if the Court moves on to the merits of petitioner's argument, we agree with the Government that Petitioner's Art. 5.04 conviction and his § 924(c)(1)(A) conviction in Count 6 of the Indictment do not constitute the same offense under the Double Jeopardy Clause as established in Blockburger, 284 U.S. at 304.

The Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." Brown v. Ohio, 432 U.S. 161, 165 (1977). "Any double jeopardy analysis essentially splinters into three questions: (1) whether jeopardy ever attached; (2) whether the first proceeding was a decision on the merits; and (3) **whether the subsequent proceeding involves the "same offense**." United States v. Szpyt, 785 F.3d 31, 36 (1st Cir. 2015) (emphasis added). Pursuant to the traditional test established in Blockburger v. United States "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is **whether each provision requires proof of a fact which the other does not**." United States v. Fornia-Castillo, 408 F.3d 52, 69 (1st Cir. 2005) (cleaned up).

In what is relevant to the instant case, Art. 5.04 states that:

> Article 5.04- Carrying and Use of Firearms without a License
>
> Any person who transports any firearm or any part thereof without having a weapons license, or carries any firearm without the corresponding permit to carry weapons, shall be guilty of a felony and upon conviction shall be punished with a penalty of imprisonment for a fixed term of ten (10) years. [. . .]. P.R. Laws Ann. tit. 25, § 458c.

On the other hand, § 924(c)(1)(A) states that:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
> (i) be sentenced to a term of imprisonment of not less than 5 years;
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years. 18 U.S.C. §924(c)(1)(A).

A simple reading of these statutes reveals that they are not the same offense under Blockburger. Art 5.04 merely requires the prosecution to prove a lack of a license while in possession of a firearm. Whereas § 924(c)(1)(A) relates to the purpose the firearm is used for—in the furtherance of a crime. This means that "each provision requires proof of a fact which the other does not." United States v. Fornia-Castillo, 408 F.3d 52, 69 (1st Cir. 2005) (cleaned up). Thus, Petitioner's claim fails the Blockburger test and leave his Double Jeopardy claims meritless.

Due to the foregoing, Mr. Acevedo-Rivera's claim for ineffective assistance of counsel fails under the first prong of the Strickland standard. *See* Strickland v. Washington, 466 U.S. 668 (1984). Pursuant to Strickland, to prevail in a claim for

ineffective assistance of counsel, the petitioner must show: "[1] that his 'counsel's representation fell below an objective standard of reasonableness' and [2] that such deficiency prejudiced him." Camacho-Santiago v. United States, 2021 WL 813212, at *3 (D.P.R. 2021) (quoting Feliciano-Rodríguez v. United States, 986 F.3d 30, 36 (1st Cir. 2021)). The two prongs of the Strickland standard can be addressed in any order, and failure to satisfy either is fatal. See United States v. Carrigan, 724 F.3d 39, 44 (1st Cir. 2013) (abrogation on other grounds recognized by United States v. Faust, 853 F.3d 39 (1st Cir. 2017)). Strickland's first prong is surpassed where "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Thus, the Court must determine whether counsel's failure to object to the §924(c)(1)(A) charge in Count 6 of the Indictment on Double Jeopardy grounds fell below said standard. Notably, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Likewise, the Court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Casey v. United States, 2021 WL 1821899, at *2 (D.P.R. 2021) (quoting Rossetti v. United States, 773 F.3d 322, 327 (1st Cir. 2014)).

The Court finds that Petitioner's counsel provided effective assistance of counsel. Counsel's failure to object the

§924(c)(1)(A) charge in Count 6 of the Indictment was **not** unreasonable considering that, as explained above, Mr. Acevedo-Rivera's Double Jeopardy claims lack merit insofar as the state offense and the federal offense at issue are not the same offense under Blockburger. *See e.g.*, Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) (stating that "[t]rial counsel was under no obligation to raise meritless claims. Failure to do so does not constitute ineffective assistance of counsel."). As Petitioner has failed to surpass the first Strickland prong, the Court need not address the second. *See* Carrigan, 724 F.3d at 44.

### B. No Certificate of Appealability Will be Issued

28 U.S.C.A. § 2253(c)(2) establishes that a District Court judge may only issue a certificate of appealability of a section 2255 proceeding "if the applicant has made a substantial showing of the denial of a constitutional right." In the case at bar, the Court will not issue a certificate of appealability because, for the reasons discussed above, Petitioner failed to make such a showing. *See e.g.*, Morales Torres v. United States, 2019 WL 4744217 at *3 (D.P.R. 2019) (denying certificate of appealability in a case dismissing Section 2255 petition because Hobbs Act Robbery is a predicate crime of violence under Section 924 (c)'s force clause).

## IV.  CONCLUSION

In light of the above, Petitioner Richard Acevedo-Rivera's *Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255* (Docket No. 1) is **DENIED**. Judgment of dismissal **WITH PREJUDICE** will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of November 2025.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
